[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS FIVE MOTIONS FOR CONTEMPTALL BEING DATED MARCH 1, 1999
The Court on October 1, 1998 rendered an 18-page memorandum of decision incident to the dissolution of the marriage of the parties. The five motions for contempt make the following claims:
1. That the whereabouts of the two children Matthew Lacoss and Jonathan Lacoss are unknown to the Plaintiff and she has no phone number to contact them mindful of the Courts award of joint legal custody of the two boys.
2. The Defendant did not leave the premises at 587 Vauxhall Street, Waterford in an acceptable condition when he vacated the premises on February 14, 1999 and damaged the same on vacating.
3. That the Defendant failed to provide Cobra insurance for the Plaintiff in accordance with the order of the Court as set forth in the memorandum of decision.
4. That the Defendant did not pay the expenses at 587 Vauxhall St., Waterford during the period of his occupancy until CT Page 4681 date of vacating, that the Defendant did not comply with order of the Court as to the Defendant's 401K and Defendant's SSIP.
5. That the Defendant committed fraud on his financial affidavit filed at the time of the dissolution hearing.
The Court notes the appearance of the parties before Mihalakos, J., on February 1, 1999 relative to matters pertaining to Cobra benefits. See Plaintiff's Exhibit 2 transcript of the proceedings.
The Court also notes an agreement approved by the Court, Solomon, J., dated November 2, 1998 relative to arrangements pertaining to wage withholding.
The Court also notes a certain motion to inspect filed December 4, 1998 and granted by the Court, Hurley, J. See Stipulation dated December 21, 1998 allowing for inspection of the subject premises on January 9, 1999.
The Court notes the order of the Court, Mihalakos, J. of February 1, 1999 directing the Defendant to vacate the subject premises on February 14, 1999 leaving the same in good condition.
The parties appeared before the Court on March 26, 1999 and were heard. The Plaintiff appeared pro se. The Defendant with counsel.
The Court makes the following findings of fact.
Matthew Lacoss, the 17-year old son of the parties, testified and from his testimony the Court finds:
That Matthew resided in the 587 Vauxhall Street premises with his father, the Defendant, until February 14, 1999.
That Matthew participated in cleaning the premises on February 14, 1999, removed garbage and debris therefrom, that some items were taken to the dump, that he helped in the cleaning and moving process until 9:30 p. m., and that when he left, the premises were clean and in good order.
Matthew observed no damage to the floors, the light fixtures all had bulbs and did not observe any deprecatory signs. CT Page 4682
While Matthew resided in the home, he had a dog and a ferret as pets.
From the testimony of:
Beth Kinmonth, age 19, a friend of the Lacoss children, the Court finds that she assisted in the cleaning of the Vauxhall Street premises on February 14, 1999.
That the police had been summoned, apparently on the complaint of the Plaintiff claiming trespass, and that the cleaning process was expedited due to concerns involving the authorities, but that the premises were left in a good state, that she did not observe the removal of any light bulbs from fixtures.
From the testimony of the Defendant, David Lacoss, the Courtfinds:
That the subject premises were vacated in accordance with the order of Mihalakos, J., on February 14, 1999.
That the premises were left in a clean condition, even mindful of his concern at the presence of the police, and that the cleanup was expedited due to their presence.
That the Cobra medical coverage ordered by the Court in its October 1, 1998 decision is now in place and the Plaintiff covered and that arrangements to discharge any arrearage due in payments thereon has been accomplished by the Defendant.
See also the order of Mihalakos, J., in that regard.
The Qualified Domestic Relations Orders have been accomplished as to the 401K and SSIP and pension benefits.
That any delay in arranging for the Cobra benefits was due to processing lags.
Matters of joint custody have gone along without incident and the two boys are in good health.
Medical coverage is in place for the benefit of the two minor children through the Defendant's employment.
A wage execution is in place with the Defendant's employer as CT Page 4683 to the periodic alimony and the arrearage.
The Defendant does not appear to have disparaged the Plaintiff to or in the presence of the children.
The requisite deed with regard to the 587 Vauxhall Street property has been executed and delivered as of December 21, 1998.
The premises were vacated in accordance with the order of Mihalakos, J., without being damaged.
The Defendant left the specified items of personalty at the residence when vacating in accordance with the order of the Court.
The Defendant has his tools and the two identified motor vehicles in the decision.
The Defendant acknowledged selling some siding material which had been stored on the premises for $1,200.00, the material originally cost $1,600.00.
The Defendant admitted not paying some of the ongoing expenses attendant to his occupancy of the home to date of vacating in accordance with the order of the Court in the memorandum of decision.
Based on the testimony of the Plaintiff, the Court finds that during the Defendant's occupancy of the premises through February 14, 1999 that he failed to pay a water bill of $245.23, a sewer bill of $432.60, a tax bill of $77.26 and a further real estate tax bill of $550.92.
It was known at the time of the dissolution that the mortgages were in default for some time and foreclosure imminent.
The Court's order did not require that the mortgages be brought current as of the time that the Defendant vacated.
Plaintiff's Exhibit 12 statement by appraiser Wheeler characterizes the physical condition of the premises as due to deferred maintenance.
Out of the 106 photographs submitted by the Plaintiff, see CT Page 4684 Plaintiff's Exhibits 3 and 4, only several show any litter or debris and only two show any damage to a door and the front of an appliance.
The remaining photos show a home and property in basically proper condition with admittedly a need for cosmetic decoration.
Plaintiff's Exhibit 7 reflects an amount due of $1,288.26 on the Cobra coverage, but the testimony is to the effect that the arrearage occurred as the result of processing lag and that the Defendant is paying off this amount in periodic payments.
See Plaintiff's Exhibit 9 for the amount due for the water bill $245.23.
See Plaintiff's Exhibit 10 for the tax bill of $550.92.
See Plaintiff's Exhibit 11 for the sewer rate bill of $432.60.
See Plaintiff's Exhibit 1 letter from Plaintiff's former counsel in which he states, "In whole I believe the Courts judgment is most favorable to you."
In reviewing the testimony and exhibits the Court finds that the Defendant did not engage in any conduct preventing contact by the Plaintiff with the two boys, that when the Defendant vacated the premises at 587 Vauxhall Street that the premises were not damaged or vandalized.
That the premises were vacated in accordance with the order of Mihalakos, J.
That although there was a substantial delay in arranging for the Cobra coverage it is now in place and the Plaintiff covered and the Defendant has made arrangements to pay the same and any arrearage thereon.
That the 401K and SSIP orders have been complied with.
The claim of fraud has not been established.
Based on the decision of October 1, 1998, the Court finds and the Defendant has acknowledged that the following payments were not made for which the Defendant was and is responsible through CT Page 4685 February 14, 1999:
1. a water bill of $245.23
2. a sewer bill of $432.60
3. a tax bill of $77.26
4. a tax bill of $550.92
The Defendant shall be responsible for and pay the foregoing within 90 days mindful of his claim of impending bankruptcy.
The Court finds that there were no intentional contempts of its orders.
Austin, JTR